1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| G. FUNTANILLA, Jr. | ) | CV F 04-6520 OWW WMW HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS |
| | ) | |
| D. B. ADAMS, | ) | [Doc. 7] |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

PROCEDURAL HISTORY

On February 3, 1992, in San Francisco County Superior Court, Petitioner was sentenced to serve a term of eighteen years for multiple sex-related offenses.  Petitioner's conviction and sentence are not directly at issue in this petition.

In 1997, Petitioner was transferred to California State Prison, Corcoran.  On August

14, 1998, the California Department of Corrections ("CDC") issued a memorandum requiring mental health clinical staff to assess the need of a charged inmate, who is a participant in the Mental Health Services Delivery System, for a staff assistant in the conduct of a disciplinary hearing prior to the disposition of any rules violation report.  Cal. Code Regs. title 15, § 3315(d)(2).  On August 24, 1998, Petitioner was placed in the Correctional Clinical Case Management System which is part of the mental health services program within CDC.

On August 17 and 30, 1998, and December 20 and 31, Petitioner attended hearings on four separate rules violation reports against him.  Petitioner was not screened by Corcoran medical staff to determine his need, if any, for a staff assistant at these hearings and none was assigned.  Petitioner was found guilty of the four rules violation reports.

On December 31, 2001, Petitioner filed an administrative appeal of the failure to screen him for a staff assistant for the August and December 1998 disciplinary hearings.  His appeal was rejected as untimely on January 4, 2002.

On January 3, 2003, Petitioner filed a petition for writ of habeas corpus with the Kings County Superior Court for the failure to assess his need for a staff assistant in the 1998 disciplinary hearings.  On March 23, 2003, the court denied the petition, ruling in part:

> Petitioner failed to raise his claims in a timely fashion.  He does not show that his lengthy delay was justified by the recent discovery of new legal or factual bases in support of his claim, that he promptly sought administrative review after becoming aware of the issues he attempts to raise, or that his claim falls within an exception to the timelines.

On May 15, 2003, Petitioner  filed a  petition for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District ("Court of Appeal").  The Court of Appeal dismissed the petition without prejudice stating:

> Petitioner has failed to adequately explain his over two year delay from the date he became aware of the memorandum, September 1999, until the date he filed the 602 appeal.

Petitioner filed another  petition for writ of habeas corpus with the Court of Appeal

on July 29, 2003.   The Court of Appeal issued a summary denial of the petition on September 18, 2003.

Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, which issued a denial on June 30, 2004.

## LEGAL STANDARDS

A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment.  Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 2592 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54 (1989); See, also, Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184 (1935).  A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 1042 (1989).  This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules.  Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038,1043 (1989).  For California Supreme Court decisions, this means the Court must specifically have stated that it denied relief on a procedural ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991); Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1991).

In addition, a federal court may only impose procedural bar on claims if the procedural rule that the state used to deny relief is "firmly established and regularly

followed." O'Dell v. Thompson, 502 U.S. 995, 998, 112 S.Ct. 618, 620 (1991) (statement of Blackmun joined by Stevens and O'Connor respecting the denial of certiorari); Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857 (1991); James v. Kentucky, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-37 (1984); Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997); Calderon v. United States Dist. Court (Bean), 96 F.3d 112, 129 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1569.  A federal court may still consider a procedurally defaulted claim if the petitioner can demonstrate (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice.  Harris, *supra*, 489 U.S. 260, 262, 109 S.Ct. 1038 (1989).

In the present case, the California Supreme Court denied Petitioner's petition for writ of habeas corpus with citations to In re Robbins, 18 Cal.4th 770 (1998) and In re Dexter, 25 Cal.3d 921 (1979), which this court finds to be a clear statement that the denial was based on state procedural grounds.  In Robbins, the California Supreme Court stated: "[W]hen in our orders we impose the bar of untimeliness, this signifies that we . . . have determined that the petitioner has failed to establish the absence of substantial delay or good cause for delay, and that none of the four exceptions set out in Clark apply."  Robbins, 18 Cal.4th at  814 n. 34, 77 Cal.Rptr.2d 153, 959 P.2d at 340 n. 34 (citations omitted).  In Dexter, the court held that as a general rule, a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies.  The court finds, therefore, that the basis of the California Supreme Court's denial of Petitioner's petition was the untimeliness rule, as applied to the exhaustion of administrative remedies.

In Bennett v. Mueller, the Ninth Circuit held that the untimeliness rule was independent after In re Robbins, 18 Cal.4th 770, 780, 77 Cal.Rptr2d 153 (Cal. 1998). Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir. 2003).  However, the court could not resolve adequacy on the record before the court and remanded for further review by the District Court.  Bennett further explained the burdens of proof as follows:

4

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

Bennett v. Mueller, 322 F.3d at 586.   In the present case, Petitioner has done nothing to carry his burden of demonstrating that the inadequacy of the untimeliness rule.  The court finds, therefore, that the California Supreme Court's denial of Petitioner's claim was based on a state law that is independent of federal law and adequate to support the judgment. See Ylst v. Nunnemaker, 501 U.S. 797 at 801.  The court further finds that Petitioner has not demonstrated either (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. See Harris,  489 U.S. 260 at 262.  The court concludes, therefore, that Petitioner's claim is procedurally barred.

Based on the foregoing, the court recommends that Respondent's motion to dismiss be GRANTED and this petition be dismissed for failure to state a claim based on procedural bar.  The court further recommends that the Clerk of the Court be ordered to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

5

objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 21, 2006** _____ **/s/  William M. Wunderlich** _____
mmkd34                            UNITED STATES MAGISTRATE JUDGE